IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA L. LAINE,<br><br>      Plaintiff,<br><br>  v.<br><br>WELLS FARGO BANK, N.A.,<br><br>      Defendant.<br>                                   / | No. C 13-4109 SI<br><br>**ORDER TO SHOW CAUSE WHY TEMPORARY RESTRAINING ORDER SHOULD NOT ISSUE AND REFERRING CASE TO ADR UNIT FOR ASSESSMENT TELEPHONE CONFERENCE** |

On September 5, 2013, plaintiff filed this *pro se* lawsuit against Wells Fargo Bank, N.A., and also filed a motion for a temporary restraining order. Plaintiff seeks to enjoin defendant from foreclosing on her home located at 5450 Betty Circle, Livermore CA 94550, and to rescind a Notice of Trustee's Sale. The complaint alleges that plaintiff is seeking a loan modification. A trustee's sale is scheduled for September 24, 2013.

**Defendant is hereby ORDERED TO SHOW CAUSE in writing no later than 3:00 pm on September 16, 2013, why the motion for a temporary restraining order should not be granted**. **Plaintiff is directed to serve this order on defendant no later than September 11, 2013**.

In addition, pursuant to Civil Local Rule 16-8 and ADR Local Rule 2-3, the Court refers this foreclosure-related action to the Alternative Dispute Resolution (ADR) Unit for a telephone conference to assess this case's suitability for mediation or a settlement conference. Plaintiff and defendant's counsel shall participate in a telephone conference, to be scheduled by the ADR Unit as soon as possible but no later than **September 20, 2013**.

Plaintiff and defendant's counsel shall be prepared to discuss the following subjects:

(1) Identification and description of claims and alleged defects in loan documents.

(2) Prospects for loan modification.

(3) Prospects for settlement.

The parties need not submit written materials to the ADR Unit for the telephone conference. In preparation for the telephone conference, plaintiff shall do the following:

(1) Review relevant loan documents and investigate the claims to determine whether they have merit.

(2) If plaintiff is seeking a loan modification to resolve all or some of the claims, plaintiff shall prepare a current, accurate financial statement and gather all of the information and documents customarily needed to support a loan modification request. Further, plaintiff shall immediately notify defendant's counsel of the request for a loan modification.

(3) Provide counsel for defendant with information necessary to evaluate the prospects for loan modification, in the form of a financial statement, worksheet or application customarily used by financial institutions.

In preparation for the telephone conference, counsel for defendant shall do the following:

(1) If defendant is unable or unwilling to do a loan modification after receiving notice of plaintiff's request, counsel for defendants shall promptly notify plaintiff to that effect.

(2) Arrange for a representative of defendant with full settlement authority to participate in the telephone conference.

The ADR Unit will notify the parties of the date and time the telephone conference will be held. After the telephone conference, the ADR Unit will advise the Court of its recommendation for further ADR proceedings.

**IT IS SO ORDERED.**

Dated: September 10, 2013

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

2