IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA LAINE, | No. C 13-4109 SI |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S THIRD MOTION FOR A TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION** |
| v. | |
| WELLS FARGO BANK & CO., DOES 1-20, | |
| Defendants. | |

On January 8, 2014, plaintiff filed a third motion for a temporary restraining order and/or preliminary injunction. The Court denied plaintiff's earlier motions for a temporary restraining order and/or preliminary injunction in orders filed November 14, 2013, and January 6, 2014.

Plaintiff's third motion argues that she is entitled to injunctive relief preventing the sale of her home because she is likely to succeed on her claims for negligence and negligent infliction of emotional distress. In those claims, plaintiff alleges the Home Owners' Loan Act preempts California law, and thus that Wells Fargo may not proceed with a non-judicial foreclosure under California law. In so arguing, plaintiff misunderstands case law regarding HOLA preemption. Those cases do not hold that banks may not proceed with non-judicial foreclosures in California, and to the contrary, numerous courts have upheld California's non-judicial foreclosure statute. *See e.g.*, *Charmicor v. Deaner*, 572 F.2d 694 (9th Cir. 1978). The cases plaintiff cites simply hold that a homeowner may not bring a claim alleging violations of sections of the non-judicial foreclosure statute because those claims are preempted by HOLA. *See e.g., Giordano v. Wachovia Mortg., FSB*, 2010 WL 5148428, at *4 (N.D. Cal. Dec. 14,

2010).

Plaintiff also predicates her negligence claims on an alleged violation of RESPA, and plaintiff's third motion for a TRO seeks injunctive relief based upon the alleged RESPA violation. However, as the Court explained in the January 6, 2014 order denying the second motion for a TRO, "[a] preliminary injunction is generally only available if injunctive relief is appropriate in the first instance." *Chung v. NBGI, Inc.*, No. 09-04878 MHP, 2010 WL 841297 (N.D. Cal. Mar. 10, 2010). RESPA does not provide injunctive relief, *Gray v. Central Mortg. Co.*, No. C 10-00483 RS, 2010 WL 1526451, at *3 (N.D. Cal. Apr. 14, 2010), and the Court finds that plaintiff may not seek injunctive relief through a negligence claim predicated on a RESPA violation. Further, it is undisputed that defendant responded to plaintiff's June 14, 2013 letter by providing some information, and stating that other information would not be forthcoming because plaintiff's request was too broad or sought proprietary information. On this record, the Court cannot conclude that plaintiff has demonstrated a likelihood of success on the merits of her claim that defendant's response violated RESPA.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES plaintiff's third motion for a temporary restraining order and/or a preliminary injunction. Docket No. 47. **Plaintiff is directed not to file any further motions seeking a temporary restraining order or a preliminary injunction until the Court rules on the sufficiency of the amended complaint.** On January 6, 2014, defendant filed a motion to dismiss the amended complaint, and that motion is scheduled for a hearing on February 14, 2014.

**IT IS SO ORDERED.**

Dated: January 9, 2014

SUSAN ILLSTON
United States District Judge

2