IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DEBRA L. LAINE,

    Plaintiff,

v.

WELLS FARGO BANK, N.A.,

    Defendant.

No. C 13-04109 SI

**ORDER RE: DISCOVERY**

The parties have submitted a discovery dispute to the Court. Docket Nos. 69-70.[1] Plaintiff Debra Laine owns real property located at 5450 Betty Circle, Livermore, California ("Betty Circle"). Defendant Wells Fargo Bank, N.A. is the mortgage lender for plaintiff's Betty Circle property. Plaintiff's Second Amended Complaint ("SAC") alleges three causes of action: (1) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605; (2) negligence and negligent infliction of emotional distress; and (3) violation of California Business and Professions Code § 17200. SAC, ¶¶ 23-56. All of plaintiff's claims are predicated on defendant's alleged violation of RESPA. *Id.*

Plaintiff requests that the Court compel defendant to produce documents pursuant to plaintiff's First Set of Requests for Production of Documents, numbers 1, 2, 4, 6, 8, 10, 14 and 15. Defendant

---

[1] The parties did not comply with this Court's Standing Order regarding the procedure for submitting a discovery dispute. Under paragraph 3 of this Court's Standing Order, parties are required to meet and confer in person regarding all discovery disputes, and if they are unable to resolve their disputes, the parties "shall prepare a concise joint statement of 5 pages or less, stating the nature and status of their dispute." Standing Order ¶ 3. The parties are directed to review and comply with the Standing Order with regard to any further discovery disputes.

objects that, *inter alia*: (1) plaintiff's request number 10 seeks irrelevant information; (2) plaintiff's other requests seek documents containing the confidential financial information of a third party, plaintiff's ex-husband Keith Laine, with whom plaintiff purchased the house; and (3) plaintiff has indicated an intent to provide Mr. Laine's financial information to a third party, Dennly Becker. Docket No. 70 at 2. Plaintiff asserts, *inter alia*, that: (1) all documents sought are relevant and not confidential; (2) defendant is precluded from seeking a protective order because defendant should have sought one before defendant's discovery responses were due; and (3) defendant's concern that plaintiff will share confidential financial information with Mr. Becker is "unfounded and unsupportable" and, therefore, does not necessitate a protective order. Pl.'s Reply to Wells Fargo's Resp. ("Pl.'s Reply"), at 3.

Request number 10 seeks defendant's loan modification criteria. Defendant contends that it should not have to produce the requested documents because the Court has dismissed all of plaintiff's claims relating to plaintiff's applications for a loan modification, and the only claim remaining is for an alleged RESPA violation. Plaintiff's RESPA claim is based on defendant's alleged failure to adequately respond to her Qualified Written Request ("QWR"), in which plaintiff did not seek defendant's loan modification criteria but instead sought the following documents: (1) plaintiff's loan payment history; (2) a written itemization of the amount needed to bring plaintiff's loan out of default; and (3) a written itemization of plaintiff's remaining unpaid principal loan amount. SAC at 7-11. Defendant contends that request number 10 seeks irrelevant information because its loan modification criteria are not probative of its alleged failure to adequately respond to the QWR. Plaintiff argues that the loan modification documents are relevant because "[h]ad Wells Fargo not denied her modification, Plaintiff would not have had to send Wells Fargo a QWR, would not have had to arrange for a loan from a private investor, and would not have had to file this action." Pl.'s Reply, at 3.

Federal Rule of Civil Procedure 26 provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "Relevancy, for the purposes of discovery, is defined broadly, although it is not without ultimate and necessary boundaries." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679-80 (N.D. Cal. 2006). "The party seeking to compel

2

discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1)." *Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012)

"[T]he party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence." *Id*.

The Court finds that the information plaintiff requests in her document request number 10 is not relevant to this action because it relates to the processing of her loan modification requests. Plaintiff's SAC consists solely of claims predicated on defendant's alleged RESPA violation. In order to prove her RESPA claim, plaintiff must establish, *inter alia*, a causal connection between defendant's alleged failure to provide the documents requested in her QWR and her alleged $50,000 loss. *See Tamburri v. Suntrust Mortg. Inc.*, 875 F.Supp 2d 1009, 1015 (N.D. Cal. 2012); *Guidi v. Paul Fin., LLC*, 13-cv-01919-LHK, 2014 WL 60253, at *4 (N.D. Cal. Jan. 7, 2014). The Court finds that the connection between the loan modification process and the alleged RESPA violation is too attenuated, and thus that request number 10 seeks information that is not "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).

Defendant has agreed to produce documents responsive to requests 1, 2, 4, 6, 8, 14, and 15 subject to a protective order. Citing *Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257 (9th Cir. 1964), plaintiff argues that defendant should have sought a protective order before the time to respond to plaintiff's document requests, and thus that defendant has waived its right to seek a protective order. However, *Pioche* is inapposite because that case addressed a party's failure to appear at a deposition. The procedural rules for objecting to depositions are different from the procedural rules for objecting to document requests, with the former being governed by Federal Rule of Civil Procedure ("Rule") 30 and the latter by Rule 34.

Under Rule 34(b), the responding party has 30 days from the date of service to provide written responses, including objections, to any requests for production of documents. Fed. R. Civ. P. 34(b). Relatedly, under Rule 37, the parties are to meet and confer and attempt to resolve any discovery disputes before seeking the Court's assistance. Fed. R. Civ. P. 37(a)(1). Here, plaintiff does not contend

3

that defendant's objections are untimely under Rule 34(b), and defendant's request that the parties enter into a protective order is consistent with the meet and confer requirements of Rule 37. As such, the Court finds that defendant has appropriately requested that the parties attempt to enter into a stipulated protective order prior to defendant's production of responsive documents containing the confidential information of a third party.

Plaintiff also argues that a protective order is unnecessary because she has not requested any of her ex-husband's confidential financial information. Finally, plaintiff asserts that the information she has requested is not relevant to either of Mr. Becker's two cases currently pending against Wells Fargo, and thus that defendant's concerns about her sharing information with Mr. Becker are unfounded.

The Court disagrees and finds that plaintiff's document requests appear to request documents that could contain the confidential financial information of her ex-husband, Keith Laine. For example, plaintiff's request number 8 seeks information regarding defendant's calculation of the principal amount owed on the loan, which would likely include calculations done using Mr. Laine's financial information as the initial loan was made to both plaintiff and Mr. Laine. *See* Pl.'s Req. No. 8. Similarly, plaintiff's request number 1 seeks all documents relating to plaintiff's loan. Pl.'s Req. No. 1. Request number 1 would likely include Mr. Laine's financial information because, *inter alia*, plaintiff appears to have sought to modify the loan as late as November 12, 2012, which was before the alleged Interspousal Transfer Deed was recorded in March of 2013, and thus during the time period in which the loan was still both plaintiff and Mr. Laine's responsibility. *See* FAC at 5. Thus, the Court finds that plaintiff's request are likely to include Mr. Laine's confidential financial information. As such, defendant's request that the parties enter into a protective order is reasonable. Further, plaintiff's argument that Mr. Becker has nothing to gain from reviewing defendant's production does not change the fact that Mr. Becker is not entitled to review Mr. Laine's financial information.

///

4

Accordingly, the Court directs that the parties meet and confer regarding the terms of a protective order. The parties should consider using the "Stipulated Protective Order for Standard Litigation," located on the Northern District of California's website.[2] This order resolves Docket No. 69.

**IT IS SO ORDERED.**

Dated: September 4, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

---

[2] This model protective order can be found at http://www.cand.uscourts.gov/stipprotectorder