UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEBRA L. LAINE,

    Plaintiff,

    v.

WELLS FARGO BANK N.A,

    Defendant.

Case No. 13-cv-04109-SI

**ORDER DENYING PLAINTIFF'S FOURTH MOTION FOR A PRELIMINARY INJUNCTION**

Re: Dkt. No. 81

On October 30, 2014, plaintiff filed a fourth motion for a preliminary injunction.[1] Plaintiff's motion is scheduled for hearing on December 5, 2014. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is suitable for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the motion is DENIED.

**BACKGROUND**

On January 13, 2014, plaintiff filed a Chapter 13 petition and plan with the United States Bankruptcy Court. Wells Fargo moved to dismiss the petition, and on September 11, 2014, the Bankruptcy Court held a hearing on the motion to dismiss. During that hearing, counsel for Wells Fargo agreed, on behalf of Wells Fargo, to plaintiff's request to be given 90 days to sell her property, provided that plaintiff continued to make regular monthly mortgage payments as required by the plan and that at the end of the 90 days, Wells Fargo would be able to proceed with its right to foreclose. Dkt. 84-1 (Bailey Decl.) ¶ 4. The parties jointly submitted the proposed order, which the Bankruptcy Court adopted as its final order on September 23, 2014. *Id*. ¶ 5. The

---

[1] The Court denied plaintiff's earlier motions for a temporary restraining order and/or preliminary injunction in orders filed November 14, 2013, January 6, 2014, and January 9, 2014.

Bankruptcy Court's order states that plaintiff is given 90 days (until December 2, 2014) to sell her property, and that at the conclusion of the 90 day period the bankruptcy case shall be dismissed rather than converted to another chapter proceeding. The order also states that "[t]he case is ordered dismissed as of December 2, 2014 . . . and Wells Fargo may pursue all its foreclosure and collection rights as of that date."  Dkt. 80, Ex. 3.

**DISCUSSION**

Plaintiff seeks to enjoin Wells Fargo from proceeding with a trustee's sale after December 2, 2014. Plaintiff states that she attempted to sell her house during the 90 day period, but that she was unsuccessful.  Plaintiff states that she will keep trying to sell her house, but that she fears that it will be difficult to sell her house during the winter.  Plaintiff asserts that sales activity is unlikely to significantly resume until late spring or early summer of 2015. Plaintiff asserts that if Wells Fargo is allowed to proceed with a trustee's sale, she will lose her equity in the house, whereas if plaintiff is granted additional time to try to sell the house she may be able to sell the property at a price sufficient to recover her equity and pay off her creditors.

The standard test for preliminary injunctive relief requires establishment of four factors by a preponderance of the evidence: (i) likelihood of success on the merits; (ii) likelihood the moving party will suffer irreparable harm absent injunctive relief; (iii) that the balance of equities tips in the moving party's favor; and (iv) that an injunction is in the public interest. *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008). A preliminary injunction is an extraordinary remedy, never awarded as of right. *Id*. at 9.

The Court concludes that plaintiff has not demonstrated that a preliminary injunction is warranted. Plaintiff has made no showing of likelihood of success on the merits of the claims alleged in the second amended complaint. The second amended complaint alleges a violation of RESPA based on defendant's failure to respond to plaintiff's qualified written request, as well as a claim for negligence and a violation of the UCL, both predicated on the RESPA violation. This Court has earlier found that plaintiff has not demonstrated a likelihood of success on the merits of the RESPA claim. Further, the Court agrees with defendant that plaintiff's fourth motion for a

preliminary injunction is essentially a collateral attack on the bankruptcy court's order, and if plaintiff wishes to extend the stay granted by the bankruptcy court, plaintiff must seek that relief from the bankruptcy court.

**IT IS SO ORDERED**.

Dated: December 1, 2014

_____
SUSAN ILLSTON
United States District Judge