UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA L. LAINE,<br><br>   Plaintiff,<br><br>   v.<br><br>WELLS FARGO BANK N.A,<br><br>   Defendant. | Case No. 13-cv-04109-SI<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF; ORDER REFERRING DISCOVERY DISPUTES TO MAGISTRATE JUDGE WESTMORE**<br><br>Re: Dkt. Nos. 91, 95, 96, 97, 99, 100, 107 |

Plaintiff has filed two motions to compel discovery that are scheduled for a hearing on May 8, 2015. The two motions to compel are fully briefed. Dkt. 91, 95, 96, 97, 99. The Court REFERS the discovery motions to Magistrate Judge Westmore for resolution and VACATES the hearing on those motions.

Plaintiff has also filed a motion for administrative relief to modify the pretrial order. Under the current schedule, dispositive motions are scheduled to be filed by April 10, 2015. At the recent case management conference, defendant stated it intended to file a motion for summary judgment. Plaintiff seeks to modify the pretrial order because she states that she will need the discovery that is the subject of the motions to compel in order to oppose defendant's summary judgment motion. Defendant opposes plaintiff's administrative motion, and asserts that if plaintiff requires any additional discovery in order to oppose defendant's upcoming motion for summary judgment, plaintiff may seek that relief pursuant to Federal Rule of Civil Procedure 56(d).[1]

---

[1] Defendant's opposition also states that plaintiff's friend, Dennly Becker, often contacts defendant on plaintiff's behalf, and that defense counsel has repeatedly informed plaintiff that defendant will not communicate with Mr. Becker except in Mr. Becker's role as a witness. The Court reminds plaintiff that Mr. Becker cannot represent plaintiff in this lawsuit, and that she personally is responsible for engaging in direct communications with defense counsel.

The Court finds that there is no need to modify the pretrial schedule. Defendant has not yet filed a motion for summary judgment, and thus at this point it is unknown what arguments defendant may assert on summary judgment and what evidence will be relevant to deciding the summary judgment motion. Once defendant files a motion for summary judgment, if plaintiff believes that she cannot oppose the motion without obtaining additional discovery, plaintiff may file a declaration pursuant to Rule 56(d). That rule provides, "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."

**IT IS SO ORDERED.**

Dated: April 7, 2015

_____
SUSAN ILLSTON
United States District Judge

2